UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DENNIS DARNAY WILLIAMS, Debtor, )<br>    Appellant, )<br>)<br>v. )<br>)<br>MARJORIE K. LYNCH, Bankruptcy )<br>Administrator, )<br>    Appellee. ) | No: 5:13-CV-696-BO |
| DENNIS DARNAY WILLIAMS, Debtor, )<br>    Appellant, )<br>)<br>v. )<br>)<br>MARJORIE K. LYNCH, Bankruptcy )<br>Administrator, )<br>    Appellee. ) | No: 5:14-CV-234-BO |

## ORDER

This cause comes before the Court on appeal from orders of the United States Bankruptcy Court for the Eastern District of North Carolina. A hearing was conducted on these matters before the undersigned on June 18, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the orders of the bankruptcy court sanctioning attorney Robert Lewis are AFFIRMED.

## PROCEDURAL HISTORY

On August 16, 2013, the bankruptcy court entered an order regarding the conduct of Robert Lewis, Jr., attorney for the debtor in this action. In that order, the bankruptcy court imposed sanctions on Mr. Lewis, including monetary sanctions and temporary partial suspension from practice before the bankruptcy court. Mr. Lewis noticed an appeal of the sanction order on

August 19, 2013. No. 5:13-CV-696-BO. On September 25, 2013, Mr. Lewis filed an emergency motion for stay pending appeal. No. 5:13-MC-66-BO. The Court denied Mr. Lewis' request for stay by order entered October 7, 2013. On November 19, 2013, this Court referred the matter on appeal to the Clerk of Court for determination of Mr. Lewis' ability to practice before this Court while under suspension in the bankruptcy court. *See* Local Civ. R. 83.7b (b)(ii) (upon notification of attorney discipline by another court or administrative body, counsel to show cause why the imposition of identical discipline would be unwarranted).

After a hearing on the matter, the bankruptcy court entered an order on February 25, 2014, on the reinstatement of Mr. Lewis' privilege to practice before the bankruptcy court. Mr. Lewis noticed an appeal of the reinstatement order, No. 5:14-CV-234-BO, and also filed a motion for stay pending appeal. No. 5:14-MC-17-BO. The motion to stay pending appeal was granted in part by order entered May 19, 2014; Mr. Lewis had requested a stay only of the express conditions to be satisfied prior to his reinstatement, but the Court stayed the reinstatement order in its entirety in order to preserve the status quo pending appeal. Mr. Lewis filed a motion to reconsider the stay of the reinstatement order.

On June 18, 2014, the Court conducted a hearing in all matters regarding Mr. Lewis' sanction by and privilege to practice before the bankruptcy court. At the hearing, upon verification by Mr. Lewis that he was ready to proceed with payment of his monetary sanctions, the Court entered an oral order granting the motion for reconsideration and lifting the stay of the reinstatement order. The Court now considers the appeal of the bankruptcy court's original

2

sanction order entered in August 2013 as well as its reinstatement order entered in February 2014.[1]

## FACTUAL BACKGROUND

The relevant facts as found by the bankruptcy court are as follows. The debtor in these actions, Dennis Darnay Williams, filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in January 2012. Prior to the petition date, the debtor executed a fee agreement to retain counsel, Mr. Lewis, to represent him in exchange for $3,400. The debtor paid a portion of the fee prior, $800, to the filing of the bankruptcy petition and the remainder was to be paid "inside" the chapter 13 bankruptcy. Mr. Lewis' disclosure of compensation filed with the bankruptcy court reflected that the total fee charged to the debtor was $3,000, $600 of which was to be paid prior to filing and the remaining $2,400 of which would be payable by the debtor through his chapter 13 plan. This case was ultimately dismissed in May 2012 due to the debtor's failure to make his chapter 13 plan payments.

In July 2012, the debtor filed a second voluntary petition for relief under chapter 13. Mr. Lewis' disclosure of compensation revealed that he had agreed to receive $10,000 for legal services performed, $600 of which had been paid by the debtor pre-petition. The debtor's statement of finances states that he paid counsel $800 prior to filing the petition, and Mr. Lewis subsequently disclosed that he had received $2,000 from the debtor prior to filing the second petition. The debtor's proposed chapter 13 plan filed with the court indicates that no fees had been paid to Mr. Lewis pre-petition and that the entire $10,000 fee would be paid through the

---

[1] Appellee did not file a merits brief in the appeal of the sanction order, No. 5:13-CV-696, but rather moved to dismiss Mr. Lewis' appeal or strike his appellant brief. [DE 22]. Because the appellee has briefed the propriety of the bankruptcy court's sanction order in the appeal involving the reinstatement order, the Court considers such arguments and addresses the merits of the appeal of both the sanction order and the reinstatement order herein.

3

chapter 13 plan. Mr. Lewis did not at any time apply for leave to recover a fee in excess of $3,000 as required by the bankruptcy court's local rules. Loc. Bank. R. 2016-1(a).

The debtor's chapter 13 petition was converted to a chapter 11 petition in October 2012; the debtor paid Mr. Lewis a conversion fee of $765. Prior to conversion, the debtor allegedly orally agreed to pay Mr. Lewis all outstanding legal fees related to the first petition and some civil litigation, the time records for which were allegedly lost when Mr. Lewis' computer crashed, totally approximately $9,000. The debtor paid Mr. Lewis $7,000 in September 2012, and such payment was not disclosed to the bankruptcy administrator. Without securing leave of court as required, Mr. Lewis continued to represent and appear on behalf of the debtor.

After the debtor and his counsel failed to respond to orders requiring the production of documents, the case was converted on motion of the bankruptcy administrator to chapter 7. Mr. Lewis then sought leave and was permitted to withdraw from his representation of the debtor, having cited a conflict of interest as the basis for his motion to withdraw. After withdrawing from representation, Mr. Lewis met with the debtor and agreed to represent him on appeal for a fee of $20,000. The debtor paid Mr. Lewis a total of $2,000 toward the appeal fee; neither the fee agreement nor the debtor's payment were disclosed to the bankruptcy administrator or the chapter 7 trustee. Mr. Lewis contends that he refunded the $2,000 received to the debtor and debtor contends he was not refunded; Mr. Lewis did not provide the debtor with receipts for these payments or deposit the monies into his client trust account.

Upon statements by the debtor of other undisclosed payments to Mr. Lewis, the chapter 7 trustee sought and received approval for an examination of Mr. Lewis pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Following such hearing, at which Mr. Lewis appeared, made disclosures regarding his collection of fees from the debtor, and raised his Fifth

Amendment privilege when asked about his record keeping and trust accounting, the bankruptcy administrator filed a motion for sanctions against Mr. Lewis.

Following a three day hearing on the motion, the bankruptcy court by order entered August 16, 2013, imposed the following sanctions on Mr. Lewis: the disgorgement of $8,400 in undisclosed attorney's fees and compensation; a monetary sanction of $2,500; partial suspension of practice before the Bankruptcy Court for the Eastern District of North Carolina until December 15, 2013, requiring counsel to continue in his representation of existing clients but prohibiting him from initiating any new bankruptcy cases; and requiring Mr. Lewis in all of his existing cases to report directly to the bankruptcy court and the bankruptcy administrator certifying that he is attorney of record in a case and disclosing all compensation paid or agreed to be paid to him for services rendered or to be rendered. The bankruptcy court further ordered that a hearing would be conducted prior to the expiration of the suspension on December 15, 2013, and that reinstatement would be expressly conditioned on full compliance with the sanction order.

After conducting a hearing in January 2014, the bankruptcy court determined that Mr. Lewis' privilege to practice before the bankruptcy court should be reinstated on May 19, 2014, expressly conditioned upon confirmation that Mr. Lewis has disgorged $8,400 in fees and paid $2,500 in sanctions pursuant to the original sanction order. The reinstatement order further provided that the reporting requirements regarding attorney fee arrangements and monies collected included in the sanction order would continue upon his reinstatement in all new bankruptcy case filed by Mr. Lewis, and additionally required Mr. Lewis to provide the bankruptcy court with written proof of malpractice insurance in the amount of at least $500,000 per claim.

5

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." *See also In re Armstrong*, 304 B.R. 432, 434-35 (B.A.P. 10th Cir. 2004) ("The bankruptcy court's order imposing sanctions is a final order subject to appeal under 28 U.S.C. § 158(a)(1)."). A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous and conclusions of law are reviewed de novo. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). The Court reviews the imposition of sanctions and determination regarding attorney's fees for abuse of discretion. *La Rouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1140 (4th Cir. 1986); *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985).

## ANALYSIS

The federal courts generally have the inherent power to "control admission to [their] bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). 11 U.S.C. § 105(a) provides that a bankruptcy court has the specific authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]. . . or to prevent an abuse of process." Section 105 (a) has been interpreted by the court of appeals to imbue the bankruptcy court with the civil contempt power. *In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989) (affirming bankruptcy court order holding in contempt attorney who failed to comply with order to refund unapproved attorney's fees). Other courts in this circuit have recognized that, pursuant to the contempt power, the bankruptcy courts have the authority to suspend an attorney from the practice of law and condition reinstatement on

6

compliance with a court order, subject to procedural due process requirements. *In re Computer Dynamics, Inc.*, 253 B.R. 693, 699 (E.D. Va. 2000) *aff'd,* 10 F. App'x 141 (4th Cir. 2001).

In light of the foregoing, the Court finds Mr. Lewis' arguments that the bankruptcy court acted outside of its authority when imposing sanctions and partially and temporarily suspending Mr. Lewis from practice before the bankruptcy court to be without merit. Review of the record reveals that Mr. Lewis' actions regarding his collection, management, and disclosure of attorney's fees violated not only the local bankruptcy rules but also the Federal Rules of Bankruptcy Procedure. The bankruptcy court's thorough review of the factual circumstances and its consideration of the merits of the imposition of sanctions are without error. Moreover, the bankruptcy court narrowly tailored its suspension of Mr. Lewis in order to avoid any prejudice to his existing clients while protecting future clients and the bankruptcy court from a repetition of events leading to the imposition of sanctions.

The bankruptcy court further acted within its authority when it suspended the monetary portion of Mr. Lewis' sanction pending appeal in this Court, and subsequently modified its order to condition Mr. Lewis' reinstatement on the satisfaction of his monetary sanctions. "The bankruptcy court retains the ability to modify or terminate its stay pending appeal at the request of a party prior to the entry of judgment in the district court." *In re Fountain Powerboat Indus., Inc.*, 09-07132-8-RDD, 2011 WL 5909465 (Bankr. E.D.N.C. July 22, 2011). The record reflects that the bankruptcy administrator requested such relief, and the Court finds no error in the bankruptcy court modifying its stay. *See e.g.* [DE 4-4, No. 5:14-CV-234-BO]. Finally, Mr. Lewis was provided with opportunities to be heard regarding both the original sanction order and the reinstatement order as the bankruptcy court conducted hearings and requested briefing from the parties, and thus the requirements of procedural due process were satisfied.

Therefore, the Court holds that the bankruptcy court's findings of fact were not clearly erroneous and finds no error in its conclusions of the law. The Court further holds, based on its review of the record, that the bankruptcy court did not abuse its discretion when imposing sanctions on Mr. Lewis or when conditioning reinstatement on Mr. Lewis' compliance with the sanction order.

## CONCLUSION

For the foregoing reasons, the orders of the bankruptcy court are AFFIRMED in their entirety. Appellee's motion to dismiss and motion for extension of time filed in No. 5:13-CV-696-BO [DE 22 & 24] are DENIED AS MOOT. The clerk is DIRECTED to enter judgment accordingly and to close the files.

SO ORDERED, this __27__ day of June, 2014.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE